WESTON *v*. GRAND RAPIDS PUBLISHING CO.

1. LIBEL—EVIDENCE—PROVOCATION.

In an action for libel, articles published by plaintiff as editor of a rival paper, reflecting on stockholders in defendant company, none of which related to the subject-matter of the libel complained of, and to which the libelous article could not be deemed a reply, were inadmissible to show provocation or to excuse the libel.

2. SAME—MISCONDUCT IN OFFICE.

An article referred to plaintiff as president of the police and fire commission, and his statement that the people of the city had lost much money in slot-machine gambling during the past two years; inquired why he had not stopped it before; and concluded thus: "Who stopped 'putting up?' Who purchased immunity for this vice? How much did they pay? To whom was it paid?" No other person was mentioned in the article. *Held*, that it charged plaintiff with misconduct in office in accepting bribes, and that evidence of misconduct on the part of other members of the board, and of plaintiff's predecessors, was properly excluded.

Error to superior court of Grand Rapids; Wolcott, J., presiding. Submitted June 6, 1901. Decided October 1, 1901.

Case by William B. Weston against the Grand Rapids Publishing Company for libel. From a judgment for plaintiff, defendant brings error. Affirmed.

*T. F. & W. R. McGarry* (*Kingsley & Wicks*, of counsel), for appellant.

*Burlingame & Belden* (*William E. Grove*, of counsel), for appellee.

MONTGOMERY, C. J. Defendant published the following article, referring to the action of plaintiff as president of the police and fire board of Grand Rapids:

"WHO CAN EXPLAIN?

"President Weston, of the police and fire board, tells, in his personal organ, the Chronicle, how the poor people of this city have lost hundreds of thousands of dollars a year in slot-machine gambling during the past two years. Mr. Weston states that there have been at least 600 of these slot machines in use, and that some of them have made for their owners as high as $1,200 a year. Mr. Weston admits that practically this condition of affairs has existed for at least two years. He tells tearfully of laborers losing their money in these slot machines 'until their families have been left in need,' and of 'children wasting pennies and nickles upon the selfish little tempters.' Then he tells how board, grocery, and market bills have gone unpaid because of the slot machines. This may all be true; but what the people on the streets and in the shops are wondering and talking about is why, if it was all so terrible, it was not stopped before. How could President Weston allow such a terrible state of affairs to run along month after month, when he could have stopped it months or years ago, as well as this month? Who stopped 'putting up?' Who purchased immunity for this vice? How much did they pay? To whom was it paid?"

A large number of articles were admitted in evidence, which were published by plaintiff, as editor of a rival paper, which cast aspersions upon the defendant company, its stockholders and managers. These articles in no way referred to slot machines, and the court admitted them only as bearing upon the question of malice. Other articles published by plaintiff, reflecting on individual stockholders in defendant company, were offered by defendant, but were excluded. None of these articles related to the same subject-matter as that contained in the libel complained of. The libelous article could in no sense be deemed a reply to the articles offered in evidence. The articles, therefore, were not admissible as tending to show provocation or to excuse the libel. See *Brewer* v. *Chase*, 121 Mich. 526 (80 N. W. 575, 80 Am. St. Rep. 527); *Smurthwaite* v. *Publishing Co.*, 124 Mich. 377 (83 N. W. 116); *Maynard* v. *Beardsley*, 7 Wend. 560 (22 Am. Dec. 595); Newell, Defam. p. 519.

The court charged the jury that the article charged plaintiff with misconduct in office, and refused to admit testimony tending to show misconduct on the part of other members of the board and of plaintiff's predecessors. This ruling was correct. No other name is mentioned in the article, and it is difficult to conceive how any body could read it without understanding that it charged the acceptance of bribes by the plaintiff.

This discussion covers all the points made in appellant's brief requiring special notice.

The judgment will be affirmed.

The other Justices concurred.